CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE,
DAVID IRVINE, KEITH BURBRIDGE, RITA BURBRIDGE,
JOHN ROSE, and GREG LEWIS, Plaintiffs

v.

SOUTHWEST MARINE OF SAMOA, INC.,
VESSEL SOUTHWEST MARINE CRANE BARGE,
its Engines, Tackle and Gear, McCONNELL DOWELL CO.,
McCONNELL DOWELL CO. PONTOON RAFT,
its Engines, Tackle, and Gear, and DOES I-XX, Defendants

SOUTHWEST MARINE OF SAMOA, INC., Third-Party Plaintiff

v.

KOREA WONYANG FISHERIES CO., LTD.,
KOREAN TUNA VENTURES S.A., STARKIST SAMOA, INC.,
STARKIST FOODS, INC., and
AMERICAN SAMOA GOVERNMENT, Third-Party Defendants

High Court of American Samoa
Trial Division

CA No. 41-92

March 8, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge,
MATA'UTIA, Associate Judge.

Counsel:     For Plaintiffs, Charles V. Ala'ilima
             For Defendant and Third-Party Plaintiff Southwest
             Marine of Samoa, Inc. and Defendant Southwest
             Marine Crane Barge, Robert A. Dennison III
             For Third-Party Defendants StarKist Samoa, Inc. and
             StarKist Foods, Inc., John A. Ward II

For Third-Party Defendant American Samoa Government, Cheryl A. Quadlander, Assistant Attorney General

Order Denying in Part and Approving in Part Motion for Leave to File Amended Complaint:

This motion by plaintiffs for leave to file an amended complaint came on regularly for hearing on February 12, 1993. Plaintiffs' motion seeks to amend its earlier complaint through the addition of two in personam defendants, Leslie & Godwin Insurance Brokers Limited ("Leslie & Godwin"), and McConnell Dowell Company ("McConnell Dowell"), and the in rem defendant McConnell Dowell Company Pontoon Raft ("Pontoon Raft"). Plaintiffs also seek the incorporation of language of "gross negligence and reckless disregard" used to characterize the actions of the defendant SouthWest Marine of Samoa, Inc. ("SWM Samoa"). While defendant SWM Samoa does not object to the addition of McConnell Dowell or the Pontoon Raft, it does challenge the other requested amendments.

Plaintiffs seek to add Leslie & Godwin under the authority of A.S.C.A. § 29.1537, which provides for the right of direct action against an insurer on any policy of liability insurance. Plaintiffs urge the court to rule that Leslie & Godwin are not, as their stationery and title maintain, insurance brokers, but rather actual insurers. They offer no case law in support of this position and, indeed, we are unable to find any. Such a ruling would be at odds with every jurisdiction of which we are aware, would reclassify an entire profession, and would muddy an entire area of jurisprudence within American Samoa. An insurance broker is typically held to be an agent of the insured and serves as a conduit for funds flowing between insurer and insured. Brokers, quite simply, are not insurance companies. We must, therefore, deny the plaintiffs' motion with respect to the addition of Leslie & Godwin as a defendant.[1]

---

[1] Plaintiffs' additional arguments asserting that Leslie & Godwin is subject to service of process and is a necessary-party defendant rely wholly on the characterization of this brokerage firm as an insurer. Having held that it is not, we do not find it necessary to address these additional issues.

149

Plaintiffs further request that they be allowed to amend their complaint to include language asserting gross negligence and reckless disregard on the part of SWM Samoa. SWM Samoa asserts that there has been no showing of recently discovered evidence that would give rise to the amendment. However, after reviewing the excerpts from Silia Patane's deposition, we find that there is sufficient support therein for the requested amendment.

In summary:

1) Permission to amend the plaintiffs' complaint by the addition of McConnell Dowell and the Pontoon Raft as defendants is granted;

2) Permission to amend the plaintiffs' complaint to include language of gross negligence and reckless disregard on the part of defendant SWM Samoa is granted;

3) Permission to amend the plaintiffs' complaint to include Leslie & Godwin as a defendant is denied.

It is so ordered.